UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| DANNY KIRKMAN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 1:19-cv-00069-SNLJ |
| FAURECIA EMISSIONS CONTROL TECHNOLOGIES, INC., et al, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendants Larry Earley, Damian Boron, Bryant Light, John Jarrell, Mark Fulkerson, Carl Birchenough, Denna Hutchinson, and Dwayne Pease's motion to dismiss (ECF #18). For the reasons stated, that motion is **GRANTED**.

## I. BACKGROUND

Kirkman, proceeding *pro se*, has filed an employment discrimination action against the various defendants using a court-supplied pleading form. In describing the legal discrimination that he purportedly suffered, Kirkman checked each provided box in the form: (1) a Title VII claim under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; (2) a claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.*; (3) a claim under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*; (4) a claim under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*; and (5) a claim under the Equal Pay Act of 1963, 29 U.S.C. § 206.

1

Kirkman describes this case as one of wrongful termination, failure to promote, failure to accommodate, retaliation, harassment, assault, unequal terms and conditions of employment, and other conduct ("age" and "time keeping and reording (sic)"). The nature of discrimination includes race, national origin, gender, disability, age, and other ("health"). In stating the "essential facts of [his] claim"—as prompted by the pleading form—Kirkman states simply "race, national origin, gender, disability, age, health, [and] files HR co-mingalled (sic)."

Defendants now move to dismiss the complaint against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The balance of defendants' arguments is that many of the asserted claims either do not provide an action for individual liability against them, or else, if some do, Kirkman has nonetheless failed to exhaust his administrative remedies. Moreover, they say Kirkman's age discrimination claim should be dismissed for lack of subject-matter jurisdiction because Kirkman has already admitted that he has not suffered an injury based on age discrimination.

## II. STANDARD OF REVIEW

Rule 12(b)(1) provides for dismissal when subject-matter jurisdiction is lacking—that is, when a court does not have the statutory or constitutional "power to hear [a] case[.]" *Lightfoot v. Cendant Mortg. Corp.*, 137 S.Ct. 553, 560 (2017). FED. R. CIV. P. 12(b)(1). A "factual attack" against the existence of subject-matter jurisdiction occurs "when the defendant challenges the veracity of facts underpinning subject-matter jurisdiction." *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018). The court may look beyond the pleadings in a factual attack scenario. *Id*. Conversely, a "facial attack" is

one where "a defendant asserts that the complaint fails to allege sufficient facts to support subject-matter jurisdiction." *Id*. In this setting, the "court restricts itself to the face of the pleadings." *Id*. In either case, the "burden of proving the existence of subject-matter jurisdiction [is placed upon] the plaintiff." *Herden v. U.S.*, 726 F.3d 1042, 1046 (8th Cir. 2013).

Rule 12(b)(6) provides for dismissal when the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In evaluating plaintiff's claims, the court assumes the facts in the complaint to be true and construes all reasonable inferences in favor of plaintiff. *MBI Energy Servs. v. Hoch*, 929 F.3d 506, 512 (8th Cir. 2019). However, there is no requirement that the court accept as true wholly conclusory allegations or threadbare recitals of the elements of a cause of action. *Usenko v. MEMC, LLC*., 926 F.3d 468, 472 (8th Cir. 2019). For a claim to survive, it must be plausible. That is to say, plaintiff must assert sufficient "factual content" to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In Re SuperValu, Inc*., 925 F.3d 955, 962 (8th Cir. 2019).

### III. ANALYSIS

**A. The Lack of Subject-Matter Jurisdiction Over the Age Discrimination Claim**

Subject-matter jurisdiction is a "threshold ground[] for denying audience to a case on the merits" and, therefore, will be addressed first. *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 585 (1999). Defendants argue Kirkman lacks standing to pursue an age discrimination claim because the underlying complaint to the Equal Employment Opportunity Commission ("EEOC") reveals that his employer never actually

3

discriminated against him on the basis of age—that is, there is no "concrete, particularized, and actual or imminent [injury] traceable to the defendant's challenged behavior." *Dept. of Commerce v. New York*, 139 S.Ct. 2551, 2565 (2019). This raises what is, essentially, a factual challenge to subject-matter jurisdiction that attacks Kirkman's complaint with his own, inconsistent EEOC-related statements. *See Davis*, 886 F.3d at 679.

It is true the EEOC complaint has, as its thrust, a claim for *disability*—not *age*—discrimination. In that complaint, Kirkman said he suffered from a "physical or mention condition" that he complained about "numerous times" to human resources. He said he "resigned and was constructively discharged" after being harassed about his disability. By contrast, the only age-related facts are as follows:

> 1) In or around fall of 2018, a high-ranking manager announced to everyone that [Faurecia] will be getting rid of the older folks through layoffs. <u>While this did not affect me</u>, Respondent then laid off numerous older individuals just before Christmas.

[ECF #1-1, p. 4 (emphasis added)]. Beyond these facts, the only other indication of age-related discrimination comes in the form of a box checked for age discrimination.

This Court has previously held that merely checking a box, without more, fails to exhaust a complainant's administrative remedies because doing so does not adequately pursue the claim at the administrative level. *See Thomas v. Ameren*, 2018 WL 5078361 at *1 (E.D. Mo. Oct. 18, 2018) (merely checking a box, without substantively explaining an alleged claim of disability, does not exhaust a complainant's administrative remedies), *appeal docketed*, No. 18-3506 (8th Cir. Nov. 27, 2018). This case is somewhat different,

4

however, in that Kirkman not only failed to articulate the age discrimination claim against him, but actually professed to the administrative body that he *did not* suffer age discrimination. In that respect, defendants are correct to argue that—before the issue of exhaustion is reached—this Court simply lacks subject-matter jurisdiction for want of an injury-in-fact. *See Alexis Bailly Vineyard, Inc. v. Harrington*, 931 F.3d 774, 777 (8th Cir. 2019) ("Injury in fact is an injury to a legally protected interest that is concrete, particularized, and either actual or imminent."). Kirkman's age discrimination claim will be dismissed.

**B. Individual Liability Under Title VII of the Civil Rights Act of 1964**

The law is well-established that "individual liability does not exist under Title VII." *Sexton v. City of Hannibal*, 832 F.Supp.2d 1060, 1066 (E.D. Mo. 2011); *accord Powell v. Yellow Book USA, Inc.,* 445 F.3d 1074, 1079 (8th Cir. 2006); *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017); *Littlejohn v. City of New York*, 795 F.3d 297, 313 (2d Cir. 2015); *Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012). Accordingly, Kirkman's Title VII claims against defendants—individuals in the employ of Faurecia—will be dismissed.[1]

---

[1] This Court separately holds that, even if liability could be imposed, Kirkman failed to exhaust his administrative remedies related to his Title VII claims. *See Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018). Nowhere in his EEOC complaint does it suggest he made a claim related to his race, color, religion, sex, or national origin—in fact, those boxes were not checked.

## C. Individual Liability Under the Age Discrimination in Employment Act of 1967

The law is also well-established that "individual employees cannot be held liable under the ADEA." *Pointer v. Walmart Corp.,* 2019 WL 339633 at *1 (E.D. Mo. Jan. 28, 2019) (compiling cases); *accord Hill v. Borough of Kutztown*, 455 F.3d 225, 246 n.29 (3d Cir. 2006); *Horwitz v. Bd. of Educ. Of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir. 2001); *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001); *Lissau v. Southern Food Serv., Inc.,* 159 F.3d 177, 180 (4th Cir. 1998); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995). This Court has already held that it lacks subject-matter jurisdiction over Kirkman's age discrimination claim for want of an injury-in-fact under Rule 12(b)(1). However, the claim is also appropriately dismissed under Rule 12(b)(6) because individual employees cannot be held liable.

## D. Individual Liability Under the Americans with Disabilities Act of 1990

The law is also well-established that "ADA liability does not extend to individuals." *Strickland v. Harris,* 2018 WL 4039707 at *2 (W.D. Mo. Aug. 23, 2018); *accord Stanek v. St. Charles Community Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015); *Roman-Oliveras v. Puerto Rico Elec. Power Authority*, 655 F.3d 43, 51-52 (1st Cir. 2011); *Spiegel v. Schulmann*, 604 F.3d 72, 79-80 (2d Cir. 2010); *Albra v. Advan, Inc.*, 490 F.3d 826, 830-834 (11th Cir. 2007). Accordingly, Kirkman's ADA claims against defendants—individuals in the employ of Faurecia—will be dismissed.

### E. Individual Liability Under the Rehabilitation Act of 1973

The law is also well-established that "there is no individual liability under … the Rehabilitation Act." *Franklin v. Block*, 2016 WL 7033766 at *1 n.2 (E.D. Mo. Dec. 2, 2016); *accord Stanek*, 783 F.3d at 644; *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002); *Hiler v. Brown*, 177 F.3d 542, 546-547 (6th Cir. 1999); *Lollar v. Baker*, 196 F3d 603, 609 (5th Cir. 1999). Accordingly, Kirkman's Rehabilitation Act claims against defendants—individuals in the employ of Faurecia—will be dismissed.[2]

### F. Individual Liability Under the Equal Pay Act of 1963

The Equal Pay Act has a less-conclusive discussion about whether individual liability can be imposed under it. *See, e.g., Traylor v. Southern Components, Inc.*, 2019 WL 3526358 at *2 (W.D. La. Aug. 1, 2019) (compiling cases and noting "consensus is lacking regarding individual liability under the Equal Pay Act"). The term "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). That definition has led some courts to conclude that an individual can be liable if, for example, they were substantially involved in the decision affecting a plaintiff's employment terms, conditions, and compensation. *See,*

---

[2] Kirkman does not make clear which section of the Rehabilitation Act he sues under. From the basis of the complaint and underlying EEOC allegations, this Court presumes he sues under either Sections 503 or 504 applicable to government contractors and those receiving federal financial aid, respectively. 29 U.S.C. §§ 793, 794. In both cases, however, the individual cannot be liable either because there is no private right of action (Section 503), *see Simon v. St. Louis Cty, Mo*., 656 F.2d 316, 319 (8th Cir. 1981); *Riley v. Outlook Nebraska, Inc.*, 2013 WL 12123508 at *2 (D. Neb. Feb. 4, 2013), or because it cannot be said that the individual defendant was the recipient of the federal aid (Section 504). *See Lathrop R-II Sch. Dist. v. Gray*, 2006 WL 8438337 at *4 (W.D. Mo. Nov. 8, 2006); *Emerson*, 296 F.3d at 190.

7

*e.g., Danio v. Emerson College*, 963 F.Supp. 61, 63 (D. Mass. 1997). Other courts, however, "have concluded that actions an individual took as an agent of an employer cannot result in individual liability." *See, e.g., Harris v. City of Harvey*, 992 F.Supp. 1012, 1013 (N.D. Ill. 1998) (explaining the Equal Pay Act is a "blood sibling" of "and conceptually interfaces with" other employment discrimination statutes such as Title VII, the ADA, and the ADEA, which do not permit individual liability).

Notably, the Equal Pay Act amends the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, of which the Eighth Circuit has expressed some possibility of individual liability thereunder. *See Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002) ("If an individual meets the definition of employer as defined by the FMLA, then that person should be subject to liability in his individual capacity."). But, here, there are no factual assertions that any of the individual defendants had the requisite level of control over Kirkman's conditions of employment for which to hold them personally liable. Therefore, these claims will be dismissed. *See Hill*, 737 F.3d at 1216.

G. **Individual Liability Under the Genetic Information Nondiscrimination Act of 2008**

Though it does not appear in the body of his complaint where the other legal grounds for discrimination are covered, Kirkman passingly references elsewhere to a violation of his rights under "GINA." This Court presumes he refers to the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. §§ 2000ff *et seq*. Because GINA incorporates the Title VII definition of "employer," it is not surprising to discover that GINA has also been held not to provide for individual liability. *See, e.g.,*

Harrison v. City of Baton Rouge-Parish of East Baton Rouge, 2019 WL 1757553 at *3 (M.D. La. Apr. 3, 2019), *report and recommendation adopted* 2019 WL 1756534 (M.D. La. Apr. 19, 2019); *Bumphus v. UniQue Personnel Consultants*, 2018 WL 1565609 at *4 (S.D. Ill. Mar. 30, 2018); *Gray v. Brent*, 2014 WL 1327011 at *3 (E.D.N.C. Apr. 2, 2014); *Wright v. StoneMor Partners LLP*., 2012 WL 4006120 at *2 (W.D.N.C. Sept. 12, 2012). Accordingly, Kirkman's GINA claims against defendants—individuals in the employ of Faurecia—will be dismissed.[3]

### H. Sufficiency of Pleadings

Unrelated to the threshold question of whether defendants can be held individually liable under the various claims above, there is also the issue of the pleading sufficiency of Kirkman's complaint—it is nearly totally devoid of factual substance. It is, to be sure, the responsibility of this Court to liberally construe a *pro se* litigant's complaint. *Sandknop v. Mo. Dept. of Corr*., 932 F.3d 739, 741 (8th Cir. 2019). But, the "complaint must still allege sufficient facts to support the claims advanced." *Id*. There being no facts for which this Court can liberally construe in Kirkman's favor, an alternative ground for Rule 12(b)(6) dismissal is the lack of factual support for any of the asserted claims. *See, e.g., Glick v. Western Power Sports, Inc*., 944 F.3d 714, 717 (8th Cir. Dec. 5, 2019).

---

[3] This Court separately holds that, even if liability could be imposed, Kirkman failed to exhaust his administrative remedies related to his GINA claims. *See Macon v. Cedarcroft Health Servs., Inc*., 2013 WL 1283865 at *6 (E.D. Mo. Mar. 27, 2013). Nowhere in his EEOC complaint does it suggest he made a claim related to genetic information discrimination—in fact, that box was not checked.

## III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendants Larry Earley, Damian Boron, Bryant Light, John Jarrell, Mark Fulkerson, Carl Birchenough, Denna Hutchinson, and Dwayne Pease's motion to dismiss (ECF #18) is **GRANTED**. These defendants are **DISMISSED with prejudice** in their individual capacities.

So ordered this 17th day of March 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE